## Hull v. Shoyer et al.

*Arnold R. Ginsburg*, for appellant.
*Michael J. Matta*, for respondent.

PER CURIAM, November 3, 1944.—We are considering the appeal of Robert C. Hull from the action of the Registration Commission for the City of Philadelphia in refusing to register his name as a voter qualified to vote in the fourteenth election division of the twenty-seventh ward of the City of Philadelphia.

Appellant, Robert C. Hull, resides at 4414 Walnut Street and has resided there since May of 1944. He moved to that address from 4514 Chestnut Street where he had lived from the month of March 1942. He sought to be registered as a Republican.

Mr. Hull was born in New York and during his tender years came to Dallas, Pa., where he lived for several years and attended high school, from which he

graduated. Then he moved with his parents to Washington, D. C., at the age of 17, entered private business there until 1940, after which he was in the Government service. In 1942, while employed by the Federal Securities and Exchange Commission, he removed to Philadelphia, retaining his position with the Federal Securities and Exchange Commission, which at that time also moved to Philadelphia. His wife came with him, and they are now living in an apartment at 4414 Walnut Street in the fourteenth election division of the twenty-seventh ward. The lease for this apartment is signed by him, his wife, and her sister.

The registration commission has refused to register him as a voter because it believes he has not established his intention of making Philadelphia his fixed abode or permanent place of residence. The action is based partly upon the fact that he hesitated in making a firm declaration as to his intention. In addition to that, when he made out for them what is called a "Government Employe Affidavit", to which he swore, he answered question no. 7 on that form in the negative. The question is: "Irrespective of your present employment, is it your intention to make Philadelphia your permanent home?" His answer was "no".

The eighth question on that form is: "If you wish to give any further evidence of your intention to permanently reside in the City of Philadelphia please do so." His answer, written boldly in his own handwriting, is: "The sooner I can leave this city the better."

It is true that in his testimony before us he said he intended to make Philadelphia his permanent home, but he also made it clear that he would follow the Exchange Commission if it were moved, unless, as he said, he might secure better employment here or elsewhere. This, taken alone, would not be significant, but in his testimony he reiterated his dislike for the City of Philadelphia and was otherwise evasive as to his intention to make a permanent abode here.

The action of the registration commission in determining intention as to a permanent abode is governed by the Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 704, subsecs. (*a*) and (*c*).

Subsection (*a*) reads: "That place shall be considered the residence of a person in which his habitation is fixed, and to which, whenever he is absent, he has the intention of returning."

Subsection (*c*) is as follows:

"A person shall not be considered to have gained a residence in any election district of this State into which he comes for temporary purposes only, without the intention of making such election district his permanent place of abode."

It is inconceivable that the commission could have taken any other action than it did in view of the attitude appellant has exhibited in his conduct before them. His manner of testifying as to his intention was far from convincing. The only explanation he makes as to his attitude before the commission is that he was irritated because he had been obliged to wait in line with other citizens to be waited on.

We do not think that his explanation is sufficient in view of the fact that we, too, feel that he has not established clearly his present intention to make Phila phia his permanent home as defined in the sections which we have quoted, and we would not be justified in ordering the commission to place him on the registry as a voter. The action taken by the commission, as well as the action taken by us now, should not prejudice any application by appellant at any future election if at that time he should make proper expression of his intention to make a fixed abode here.

Wherefore, the appeal is dismissed.